IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMAR HALL,

      Plaintiff,                      No. CIV S-09-1170 DAD P

    vs.

JUDGE SAMOHTA,                  ORDER AND

      Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

**SCREENING REQUIREMENT**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

In the caption of his complaint, plaintiff has identified Judge Samohta, "District Attorney," and "Mika Lewis Victim" as the defendants in this action. In the body of his complaint, plaintiff merely alleges:

> On 10-21-08 my civil right's [sic] were violated by district attorney in trial court by a jury conviction. No victim came to court for trial. Lack of credibility on stand.

Plaintiff claims that the civil rights violations that took place during his criminal prosecution in state court resulted in him being sentenced to five years in state prison. Plaintiff requests $3.5 million in damages. (Compl. at 5.)

Plaintiff is advised that he may not bring a civil rights action pursuant to 42 U.S.C. § 1983 arising out of alleged unconstitutional activities that resulted in his criminal conviction unless the conviction has been set aside. Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held that a prisoner may not recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by actions whose unlawfulness would render the imprisonment invalid, unless he can prove that the conviction or

other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 486-87.

Here, plaintiff's claims against the named defendants for conduct they allegedly engaged in during his criminal prosecution in state court are barred by the decision in <u>Heck v. Humphrey</u> because his criminal conviction still stands and a judgment in plaintiff's favor would necessarily imply the invalidity of his conviction and sentence.[1] Accordingly, the court will recommend that plaintiff's complaint be dismissed without prejudice.[2]

## CONCLUSION

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's April 29, 2009 application to proceed in forma pauperis (Doc. No. 2) be denied; and

2. This action be dismissed without prejudice for failure to state a cognizable claim.

/////

---

[1] Moreover, Judge Samohta is absolutely immune from suits under 42 U.S.C. § 1983 for judicial acts. See <u>Simmons v. Sacramento County Superior Court</u>, 318 F.3d 1156, 1161 (9th Cir. 2003). Similarly, prosecutors are absolutely immune from suits seeking damages under § 1983 for performing prosecutorial functions. See <u>Milstein v. Cooley</u>, 257 F.3d 1004, 1008 (9th Cir. 2001). Finally, plaintiff's alleged victim, Mika Lewis, is a private actor. Under § 1983, plaintiff has a right to be free from violations of constitutional guarantees by those acting under color of state law. See <u>Van Ort v. Stanewich</u>, 92 F.3d 831, 835 (9th Cir. 1996). However, plaintiff has no such constitutional right to be free from infliction of such harm by private actors. <u>Id.</u>

[2] Plaintiff is advised that a civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991). In contrast, habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). If plaintiff is seeking to overturn his underlying state court conviction, a writ of habeas corpus is his sole remedy.

4

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 11, 2009.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
hall1170.56